110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Elliott ARMSTRONG, Defendant-Appellant (96-5112),
Kimothy Williams, Defendant-Appellant (96-5148).
 Nos. 96-5112, 96-5148.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Martin Elliott Armstrong and Kimothy Williams appeal their judgments of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, a jury found Armstrong and Williams guilty of aiding and abetting the possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced both defendants to 160 months of imprisonment and five years of supervised release and the court imposed a $50 special assessment on each defendant. The court also ordered Williams to pay restitution in the amount of $133. Both defendants have filed timely appeals, which have been consolidated, and they argue that insufficient evidence exists to support their convictions. All of the parties have waived oral argument.
 
 
 3
 Upon review, we conclude that the defendants' argument is without merit. Sufficient evidence exists to support a conviction if, after the evidence is viewed in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). An individual violates 21 U.S.C. § 841(a)(1) if he knowingly and intentionally possesses with intent to distribute a controlled substance. See United States v. Phibbs, 999 F.2d 1053, 1063 (6th Cir.1993), cert. denied, 510 U.S. 1119 (1994). An individual aids and abets a crime when he intentionally contributes an act assisting the commission of the crime. United States v. Frazier, 880 F.2d 878, 886 (6th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 4
 The facts reveal that sufficient evidence exists to support the defendants' convictions. Following his arrest for selling crack cocaine, a third party, Rodney Phillips, agreed to cooperate with the Kentucky State Police in an investigation of his crack cocaine sources, including Armstrong and Williams. Phillips testified at trial that he arranged a meeting with Armstrong for the purchase of a 1/4 kilogram of crack cocaine. When Phillips arrived at Armstrong's house with an undercover detective, Armstrong became suspicious and refused to complete the transaction. However, Armstrong instructed Phillips to call him later that day to make different arrangements. Following this phone conversation, Phillips and Armstrong met again. During the meeting, Armstrong called his source to bring the crack cocaine. Williams arrived shortly after the call, met with Phillips, and exchanged the 1/4 kilogram of crack cocaine for $6,500. The police subsequently arrested Armstrong and Williams.
 
 
 5
 While the defendants now argue that Phillips was not a credible witness, their argument is without merit. Although Armstrong and Williams both testified that they did not engage in a drug transaction with Phillips, an undercover police officer verified Phillips's testimony at trial. Further, the defendants' credibility argument is really a challenge to the quality of the government's evidence and not the sufficiency of the evidence, see United States v. Farley, 2 F.3d 645, 652 (6th Cir.), cert. denied, 510 U.S. 1030 (1993), and issues of witness credibility are properly left to the jury, absent exceptional circumstances. Id. No such circumstances exist in this case.
 
 
 6
 Accordingly, this court affirms the district court's judgments of conviction and sentence.